TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Monica and Henry Staggs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica and Henry Staggs, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Portfolio Recovery Associates, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiffs, Monica and Henry Staggs (hereafter "Plaintiffs"), by undersigned counsel, brings the following complaint against Portfolio Recovery Associates, LLC (hereafter "Defendant") and allege as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs are each an adult individual residing in Pinal, Arizona, and are each a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Norfolk, Virginia, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiffs are natural persons allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiffs' alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. Within the past year, Defendant contacted Monica in an attempt to collect the alleged debt, and Monica told Defendant to provide validation of the alleged debt and instructed Defendant to stop calling.

12. Monica instructed Defendant to stop calling on more than one occasion.

13. Despite Monica's unequivocal requests that Defendant stop calling her, Defendant continued to call in an attempt to collect the alleged debt.

14. Specifically, in or around October of 2014, Defendant contacted Plaintiffs in an attempt to collect the alleged debt.

15. During a live conversation with Monica, Defendant told her that she needed to make immediate payment, and misrepresented and threatened that "other actions" could be taken against her if she failed to do so.

16. Monica advised Defendant that the alleged debt had previously been paid and requested validation of the alleged debt.

17. Defendant's representative raised his voice and misrepresented that it was not required to send proof of the alleged debt and insisted that Plaintiff pay at once.

18. Upset by Defendant's tone and methods, Monica passed the call to her husband, Henry Staggs.

19. Henry repeated the request for validation of the alleged debt and asked Defendant's representative to control his tone when speaking to his wife.

20. Defendant responded with sexual innuendo, stating, "You want me to talk soft?  What are you into? How do you like it?"

21. Despite Plaintiffs' request for validation of the alleged debt, Defendant failed to send the requested validation and continued calling Plaintiffs in its attempt to collect a debt.

22. Moreover, when Plaintiffs answered Defendant's calls, Defendant failed to inform Plaintiff's that it was calling in an attempt to collect a debt.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

23. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

4

24. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

25. Defendant attempted to collect a debt from Plaintiffs and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

26. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiffs, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27. Defendant used obscene or profane language or language the natural consequence of which was to abuse Plaintiffs, in violation of 15 U.S.C. § 1692d(2).

28. Defendant caused Plaintiffs' phone to ring or engaged Plaintiffs in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

29. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

30. Defendant threatened to take action that could not be legally taken or that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5).

31. Defendant's agent communicated with Plaintiffs and failed to disclose that he was a debt collector and/or that he was attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11).

32. Defendant continued its collection efforts after receiving Plaintiffs' request for verification of the alleged debt and before providing such verification, in violation of 15 U.S.C. § 1692g(b).

33. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. Plaintiffs have been harmed and are entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  August 26, 2015 | TRINETTE G. KENT |
| 3 | | |
| 4 | | By: ___/s/   Trinette G. Kent___ |
| 5 | | Trinette G. Kent, Esq.<br>Lemberg Law, LLC |
| 6 | | Attorney for Plaintiffs, Monica and Henry Staggs |

7